TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Gina Davis

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gina Davis,<br><br>                    Plaintiff,<br><br>        vs.<br><br>Thunderbird Collection Specialists, Inc.,<br><br>                Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Gina Davis (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Thunderbird Collection Specialists, Inc. (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1.    This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4.    Plaintiff is an adult individual residing in Gilbert, Arizona and is a "person" as defined by 47 U.S.C. § 153(39).

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    Defendant is a business entity located in Scottsdale, Arizona, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

7.    Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

2

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8.      Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

9.      Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5).

10.     At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

11.     On or about January 29, 2016, Defendant began calling Plaintiff in an attempt to collect a debt.

12.     During a live conversation that occurred on or about January 30, 2016, Plaintiff explained to Defendant that she was unable to pay the debt immediately, but offered to pay at a later time upon receipt of her tax refund.

13.     Defendant responded with a misrepresentation that it would sue Plaintiff if she failed to make an immediate payment.

14.     Upon information and belief, Defendant had no intention of carrying out its threat of litigation, as the alleged debt concerned an amount totaling less than $400.00.

15.     Upon information and belief, Defendant failed to send Plaintiff written notice of the alleged debt pursuant to 15 U.S.C. § 1692g prior to threatening Plaintiff with litigation.

16.     Defendant's actions caused Plaintiff to suffer a significant amount of anxiety, stress and confusion.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

17.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

18.     The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

19.     Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

20.     Defendant engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

21.     Defendant used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

4

22.     Defendant threatened to take action that could not be legally taken or that Defendant did not intend to take, in violation of 15 U.S.C. § 1692e(5).

23.     Defendant used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiff, in violation of 15 U.S.C.§ 1692e(10).

24.     Defendant overshadowed Plaintiff's right to dispute the validity of the alleged debt pursuant to 15 U.S.C. § 1692g(b) by pressuring Plaintiff to make an immediate payment towards such debt before sending Plaintiff proper written notice of the debt pursuant to 15 U.S.C. § 1692g(a).

25.     The foregoing acts and/or omissions of Defendant constitute violations of the FDCPA, including every one of the above-cited provisions.

26.     Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

D. Punitive damages; and

E. Such other and further relief as may be just and proper.

5

1

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

2

3

4  DATED:  May 26, 2016                    TRINETTE G. KENT

5

6                                          By:   /s/  Trinette G. Kent
                                           Trinette G. Kent, Esq.
7                                          Lemberg Law, LLC
                                           Attorney for Plaintiff, Gina Davis
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28